**HILLSIDE AMUSEMENT COMPANY,**
Plaintiff-Appellant,

v.

**WARNER BROS. PICTURES DISTRIB-
UTING CORPORATION et al.,**
Defendants-Appellees.

**No. 264, Docket 23111.**

United States Court of Appeals
Second Circuit.

Argued June 13, 14, 1955.

Decided June 29, 1955.

John Harlan Amen and James L. Garrity, New York City (Arthur L. Abrams and Arthur C. Fink, New York City, on the brief), for plaintiff-appellant.

Louis Nizer, New York City (Phillips, Nizer, Benjamin & Krim, Dwight, Royall, Harris, Koegel & Caskey, John F. Caskey, Walter S. Beck, Lawrence R. Eno, and E. Compton Timberlake, New York City, on the brief), for defendants-appellees.

Before CLARK, Chief Judge, and MEDINA and HINCKS, Circuit Judges.

**PER CURIAM.**

■ Plaintiff's action, predicated on the Sherman, Clayton, and Robinson-Patman Acts, 15 U.S.C. §§ 1, 2, 15, and 13, sought recovery for alleged discrimination in the defendants' licensing of motion pictures to it. At the conclusion of the presentation of the plaintiff's evidence, Judge Sugarman granted a motion under F.R.C.P., rule 41(b), to dismiss the case on the merits. In detailed findings of fact and conclusions of law, he decided that plaintiff had failed to show conspiracy, discrimination, or damages. These findings are not "clearly erroneous" under F.R. 52(a), but, indeed, are amply supported by the evidence; and the legal conclusions against the plaintiff necessarily follow.

■ Our review is therefore limited to an inquiry into the essential fairness of the conduct of the trial. The plaintiff claims prejudicial error in the court's refusal to receive in evidence the decree in the case of United States v. Paramount Pictures, D.C.S.D.N.Y., 66 F.Supp. 323, affirmed in part, reversed in part, 334 U.S. 131, 68 S.Ct. 915, 92 L.Ed. 1260. The court there, however, explicitly stated its inability to find discrimination with respect to film rentals and clearances, 66 F.Supp. 323, at page 353; and this exclusion from the otherwise broad condemnation of its decree makes the decree irrelvant here. Much is now made also of the partial quashing of plaintiff's subpoena duces tecum by the trial judge here, but all of the relevant papers were in fact made available to the plaintiff, which thus can show no injury or damage to it.

■ The other evidentiary matters complained of are too inconsequential to warrant more than passing comment. The court did not abuse its discretion in excluding conclusory statements by plaintiff's witness Dollinger on the existence of competition between the plaintiff's theatre and the Warner theatres chosen for comparison. And proof of clearance patterns for theatres not even alleged to have been in competition with plaintiff's theatre was certainly too remote for admissibility. The court's holding that the "newly discovered evidence," consisting of testimony upon the part of these defendants as plaintiffs in an action in a federal court in West Virginia, was neither inconsistent with their testimony herein nor new seems reasonable and is dispositive of the motion for a new trial.

Affirmed.